1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8              FOR THE DISTRICT OF ARIZONA

9

10                                    )    CV 07-237-DCB-CRP
                                      )
11   Frederic B. CLEERE                )
                                      )    **REPORT AND RECOMMENDATION**
12              Plaintiff,             )
                                      )
     v.                               )
13                                    )
     State of ARIZONA                  )
14                                    )
              Defendant.              )
15                                    )
                                      )
16   _____

17        Petitioner Frederic Cleere ("Cleere"), presently an inmate of the Arizona State Prison

18   Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus By A Person In

19   State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Petitioner asserts the trial

20   judge improperly sentenced him with four aggravating factors not admitted or found by a

21   jury in violation of his Sixth Amendment rights as outlined in *Blakely v. Washington*, 542

22   U.S. 296 (2004). The Government contests the Petition, arguing Petitioner procedurally

23   defaulted his claim on the first aggravating factor of serious physical injury and that his

24   claims on all four factors fail on the merits. (Doc. 9). Because this Court concludes that

25   Petitioner procedurally defaulted his federal claim on the first aggravating factor, serious

26   physical injury, and notwithstanding that default, his claim on all four aggravating factors

27   fails on the merits, it is the report and recommendation of this Court that the Petition be

28   denied.

## I. FACTUAL AND PROCEDURAL HISTORY

In August of 2000, Cleere began living with Alida Cook in Sierra Vista at the Los Arcos Mobile Home Park. (Doc. 9-2, Ex. J, p. 20.[1]) Over the course of the next two weeks Cook began to suspect that Cleere was stealing money from her. (*Id.*) During the evening of August 27, 2000 Cook confronted Cleere about some gold coins she believed he had stolen from her. (*Id.*) After the confrontation, Cook went to her bedroom and began opening the closet door. (*Id.*) At this time, Cleere came up behind her, grabbed her, and slit her throat with a box cutter from ear to ear, exposing her trachea. (*Id.*) She collapsed onto her bed, bleeding profusely. (*Id.*)

According to Cook's statement at the resentencing hearing, Cleere then sat on her back and listened for noise. (Doc. 9-1 Ex. A p. 20.) Cleere then took $1,500 from Cook's purse and left the room. (*Id.*) Cook was able to reach a phone and dial 911. (*Id.*) She told the police that "Freddie Cleere had cut [her] throat." (*Id.*) Cook stated that Cleere then came back into the room, removed the phone from Cook, and cleaned it. (*Id.* at p. 21). She further testified that he then said, "Alita, what does it take to kill you" and again sat on her back until he could no longer hear Cook breathing. (*Id.*) Cleere then left the room and the premises. (*Id.*) Two hours later, police officers arrested Cleere at his mother's home in Bisbee, Arizona. (Doc. 9-2, Ex. J, p. 21).

In March of 2001, Cleere entered a plea agreement with the state, pleading guilty to attempted murder. (Doc 9-1, Exhibit B, p. 31). The agreement stipulated that he would not be sentenced to more than a partially aggravated term of 15 years. (Doc. 9-1, Exhibit C, p. 46).

In preparation for his sentencing, Cleere submitted a letter stating "This letter is not intended to minimize or justify the violent crime I committed." (Doc. 9-2, Exhibit J, p. 22). On April 17, 2001, the Arizona Superior Court sentenced Cleere to an aggravated sentence

---

[1]The Court draws these facts from Cleere's Presentence Report (Doc. 9-2, Ex. J), the Reporter's Transcript of Resentencing Hearing (Doc. 9-1, Ex. A), Cleere's Plea Agreement (Doc. 9-1, Ex. C), and the Arizona Court of Appeals' first decision (Doc. 9-1, Ex. B).

of 15 years, the maximum allowed by his plea agreement. (Doc. 1, p. 1). The judge used the fact that Cleere had used a dangerous weapon and inflicted serious physical injury to both enhance and aggravate the sentence, pursuant to A.R.S. §§ 13-604(I) and 13-702(C)(1) (West 2001). (Doc. 9-1, Ex. A, pp. 22-23). Cleere successfully sought post-conviction relief on the ground that the same factors cannot be used to both enhance and aggravate a sentence. (Doc. 9-1, Ex. B, pp. 31-32).

At the resentencing hearing, the judge acknowledged his error and then separated the factors using one factor to enhance Cleere's sentence and the other factor to aggravate it. (Doc. 9-1, Ex. A, pp. 21-26). The trial judge enhanced Cleere's sentenced based solely on Cleere's use of a dangerous instrument. (*Id.* at 23). He then aggravated Cleere's sentence by finding Cleere inflicted serious physical injury to the victim. (*Id.* at 26). Cleere admitted he caused serious physical injury to the victim in his change of plea hearing. (Doc. 15-2, p. 38). The exchange between the court, counsel, and Cleere went as follows:

> THE COURT: Ms. Bechman [Cleere's Attorney], would you state the factual basis that would support the plea?
> MS. BECHMAN: Yes, your Honor. On August 27th, the year 2000, Fred Cleere did use a sharp instrument to cut the throat of Alida Cook, intending that injury to be a mortal wound. Fortunately, she was able to summon medical attention, and she survived. These events occurred in Cochise County.
> THE COURT: Mr. Fest [the Prosecutor], anything to add to the factual basis?
> MR. FESTA: I think that covers it, your Honor.
> THE COURT: And, Mr. Cleere, you've heard what your attorney has said about what happened on August 27, 2000. Do you agree with her?
> [CLEERE]: Yes, I do.
> THE COURT: You did do those things.
> [CLEERE]: Yes, I did.

(*Id.* at 38-39).

At the resentencing hearing, Cleere's attorney again stated that "[o]n August 27th, the year 2000, Fred Cleere did use a sharp instrument to cut the throat of Alita Cook, intending that injury to be a mortal wound." (Doc. 9-1, Ex. A, p. 9). Cleere did not object to this

statement by his attorney.  (*Id.*)

In addition to the aggravating factor of serious physical injury admitted by Cleere, the judge also considered a number of other factors in sentencing Cleere.  He considered as mitigating factors: Cleere's lack of criminal history, his peaceable behavior over 36 years, and his expression of remorse.  (Doc. 9-1, Ex. A, p. 22).  The judge then considered as additional aggravating factors: the especially cruel nature of the crime, the mental and emotional harm to the victim, and Cleere's committing the offense in expectation of pecuniary gain (the $1500 he took from Cook's purse).  (*Id.* at 23-24, 26).

The judge sentenced Cleere to the maximum allowed under the plea agreement, a partially aggravated term of fifteen years.  (*Id.* at 26).

Cleere once again appealed his sentence, this time arguing that serious physical injury was an essential element of attempted murder, and therefore could not be considered as an aggravating factor under A.R.S. § 13-702(C)(1).  (Doc. 9-1, Ex. B, p. 32).  He also contested the court's finding of the four aggravating factors as against the weight of the law and the fine and surcharge the court imposed on him.  (*Id.*)

The trial court rejected his arguments about the aggravating factors, but did grant him relief on the surcharge.  (Doc. 9-1, Ex. B, p. 32).

Cleere appealed the trial court's decision to the Arizona Court of Appeals. (Doc. 9-1, Ex. B, p. 32).  While his petition for review to the Court of Appeals was pending, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004).  The Court of Appeals granted Cleere leave to file a supplemental brief based on the effects of the case. (*Id.* at 33).  In his supplemental brief, Cleere argued three of the four aggravated factors used against him were not *Blakely*-compliant, including the especially cruel nature of the crime, the mental and emotional harm to the victim, and Cleere's committing the offense in expectation of pecuniary gain.  (Doc. 9-1, Ex. B., p. 34).  Regarding the first aggravating factor of Cleere inflicting serious physical injury, Cleere stated "*Blakely* has no impact." (Doc. 1, Ex. 1, p. 10).  Cleere maintained his state law argument that under A.R.S. § 13-702(C)(1) "serious physical injury" is an essential element of attempted murder and cannot,

then, be an aggravating factor. (Doc 9-1, Ex. B, p. 33).

The Court of Appeals agreed with Cleere that the three aggravating factors (the especially cruel nature of the crime, the mental and emotional harm to the victim, and Cleere's committing the offense in expectation of pecuniary gain) were not *Blakely*-compliant as they were not found by a jury or admitted by Cleere. (Doc. 9-1, Ex. B, p. 36). Therefore, the appellate court found the trial judge improperly considered those factors at sentencing and remanded the case for resentencing. (*Id.* at 41). Addressing the first aggravating factor, infliction of serious physical harm to the victim, the Court of Appeals found Cleere did not challenge that factor on *Blakely* grounds. (*Id.* at 35). The court then held "absent any argument by Cleere to the contrary, we assume without deciding that the trial court's finding of serious physical harm to the victim as an aggravating factor did not violate *Blakely*. (*Id.*). The court also noted in footnote 4 that the partial dissent persuasively argued Cleere admitted this aggravating factor and that such an admission was *Blakely*-compliant. (*Id.* at 35, n. 4). The Court of Appeals rejected Cleere's state law claim regarding the first aggravating factor of serious physical injury. (*Id.* at 34).

Both the State and Cleere appealed the appellate court's decision to the Arizona Supreme Court. The Supreme Court denied Cleere's petition but granted the State petition. (Doc. 9-2, Exs. F and G). Rather than conduct a hearing, the Supreme Court vacated the Court of Appeals' opinion and remanded the case for reconsideration in light of *State v. Martinez*, 210 Ariz. 578 (2005), and *State v. Henderson*, 210 Ariz. 561 (2005). (Doc. 9-2, Ex. G).

These cases held that once one aggravating factor is proven beyond a reasonable doubt to a jury or admitted by the defendant, the judge may, in his discretion, sentence the defendant up to the maximum amount allowed by the one aggravating factor. *Martinez*, 210 Ariz. at 583 (holding "[o]nce a jury finds the facts legally essential to expose a defendant to a statutory sentencing range, the sentencing judge may consider additional factors in determining what sentence to impose, so long as the sentence falls within the established range"); *Henderson*, 210 Ariz. at 567 n. 4 (noting Justice Stevens' dissent in *U.S. v. Booker*,

543 U.S. 220, 278 (2005), that "[j]udicial factfinding to support an offense level or an enhancement is only unconstitutional when that finding raises the sentence beyond the sentence that could have lawfully been imposed by reference to facts found by the jury or admitted by the defendant").

On remand, the Arizona Court of Appeals began its *Blakely* analysis by addressing the first aggravating factor, Cleere's infliction of serious physical injury to the victim. (Doc. 9-2, Ex. H, p. 12). Like its initial analysis of this factor in the original decision on Cleere's second post-conviction appeal, the court found Cleere did not challenge this factor on *Blakely* grounds and "forfeited his right to challenge that aggravating factor under *Blakely*." (*Id.* at 12-13).

The court then went a step further than its original decision and found that even if Cleere had not waived his *Blakely* challenge on this first factor, he could not establish that he was prejudiced by the judge's finding. (Doc. 9-2, Ex. H, pp. 13-14). The court noted that Cleere never challenged the fact that the victim sustained serious physical injury. (*Id.* at 14). The court cited defense counsel's statement at resentencing that "Cleere took a box cutter and he cut [the victim's] throat" and the presentence report that stated the victim's "cut went from ear to ear and the trachea was exposed." (*Id.*).

The court then reasoned that because the trial judge found the first aggravating factor of serious physical injury, which was uncontested by Cleere and regardless not prejudicial to him, the trial court could properly consider other aggravating factors. (Doc. 9-2, Ex. H, pp. 14-15). Therefore, the Court of Appeals found the trial court did not err in considering the four aggravating factors and it denied relief. (*Id.* at 15).

Cleere appealed this decision to the Arizona Supreme Court. (Doc. 15-2, p. 2). The Supreme Court denied the petition for review on June 28, 2006. (Doc. 9-2, Ex. I, p. 17).

Cleere filed his federal habeas petition in this Court on May 22, 2007. (Doc. 1). In his petition to this Court, Cleere now argues that his sentence violates the Sixth Amendment and the holding of *Blakely* that the maximum sentence a judge may impose is the one allowed "*solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"

542 U.S. at 303 (emphasis in original). For the first time, Cleere alleges the finding of serious physical injury as an aggravating factor violates the holding of *Blakely* and the Sixth Amendment. (Doc. 1, pp. 5-6).

## II. ANALYSIS

### A. REQUIREMENTS FOR FEDERAL HABEAS CORPUS REVIEW.

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Next the prisoner must show either he has exhausted the remedies available in the courts of the State, or there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1). To properly exhaust state remedies a petitioner must "fairly present his claims to the state courts in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Specific to Arizona, exhaustion requires that a petitioner either fairly present his claims to the Arizona Court of Appeals, *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999), or show that no state remedies remain available. *Kellotat v. Cupp*, 719 F.2d 1027, 1029 (9th Cir. 1983) (citing *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982)). This requirement of exhaustion is designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Picard v. Connor*,

404 U.S. 270, 275 (1971).

Under procedural default, a habeas petitioner's claims may be precluded from federal review in either of two ways: by showing either that a state court found a claim defaulted on state procedural grounds, or, if the claim was never presented in any forum, that no state remedies remain available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 729-730, 735 (1991).

The first type of procedural default occurs when a state court "makes an adequate and independent finding of procedural default" that finding "will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal quotation marks omitted). However, the adequate and independent finding cannot be equivocal: "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rending a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263 (internal quotation marks omitted). If it is not clear that the state court decided the claim based on an independent and adequate state law ground, but rather its decision was interwoven with federal law, there is a conclusive presumption of jurisdiction. *Coleman*, 501 U.S. at 733.

The second type of procedural default occurs when a petitioner has technically exhausted his federal claim in state court because no available state remedy remains, but the petitioner failed to present that claim in state court. To determine whether any state remedy remains with a claim that has never been presented to the state court, a federal habeas court looks to the state procedural rules. *See Harris v. Reed,* 489 U.S. 255, 263 n. 9 (1989). In Arizona, determining whether a petitioner's unexhausted claims are procedurally defaulted involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure. Rule 32 governs post-conviction relief proceedings and outlines the circumstances under which a state prisoner may seek relief. Ariz.R.Crim.P. 32.1. Under Rule 32.2, relief is barred on any claim which could have been raised in a direct appeal under Rule 31or a prior Rule 32

petition for post-conviction relief, with the exception of certain claims not applicable here. Ariz.R.Crim.P. 32.2. (For exceptions *see* Ariz.R.Crim.P 32.1(d)-(h): State prisoners may seek relief in successive PCR Appeals for: claims of incarceration beyond sentence expiration, newly-discovered material facts, failure to timely file for relief not prisoner's fault, significant change in the law retroactively applicable, or actual innocence).   When a petitioner fails to exhaust his claims in state court but cannot now return to state court because the state procedural rules bar Petitioner's claims, the claims are procedurally defaulted for purposes of his federal habeas petition. *Franklin v. Johnson,* 290 F.3d 1223, 1231 (9th Cir.2002).

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray*, 518 U.S. at 162, *Teague v. Lane*, 489 U.S. 288, 298 (9th Cir.1989).   When a petitioner's claims are procedurally barred and the petitioner has not shown cause or prejudice for the default, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin,* 290 F.3d at 1231 (internal citations omitted).

Only after a petitioner has passed the timeliness, exhaustion, and procedural default requirements may this Court review the merits of his claim.   Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.   28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review).   A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and

nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405-406. The state court's application of Supreme Court law must be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (internal citations omitted).

**B. EVALUATION OF PETITIONER'S PROCEDURAL POSTURE.**

**1. Timeliness.**

Respondents do not contend that Petitioner filed his claim in federal court in an untimely manner, and the record reveals the Petition was timely.

**2. Exhaustion and Procedural Default**

Respondents contend Cleere's Sixth Amendment *Blakely* challenge to the finding of the first aggravating factor, serious physical injury, is procedurally defaulted. (Doc. 9, pp. 5-6). After *Blakely* was decided in 2004, Petitioner sought and the Arizona Court of Appeals granted him leave to supplement his second post-conviction appeal raising any relevant *Blakely* issues. In his supplement, Cleere chose to argue only that three of the four aggravating factors found by the trial judge violated *Blakely*. He did not argue that the first factor, serious physical injury, violated *Blakely*. In fact, he focused on a state law claim and said "*Blakely* has no impact" on the first aggravating factor.

In its first decision on Cleere's second post-conviction appeal, the Court of Appeals found "absent any argument by Cleere to the contrary, we assume without deciding that the trial court's finding of serious physical harm to the victim as an aggravating factor did not violate *Blakely*." (Doc. 9-1, Ex. B, p. 35). On remand from the Arizona Supreme Court for the other aggravating factors, the Arizona Court of Appeals in its second decision on Cleere's second post-conviction appeal, again found Cleere failed to raise a *Blakely* claim on the first aggravating factor. The court found Cleere "forfeited his right to challenge that aggravating factor under *Blakely*." (Doc. 9-2, Ex. H, pp. 12-13).

The Court of Appeals arguably applied an express procedural bar on Cleere's

*Blakely* claim for the first aggravating factor. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Regardless, Cleere failed to raise a *Blakely* claim on the first aggravating factor at the state court level and he would now be precluded from raising such a claim. Ariz. R. Crim. P. 32.2. Cleere fails to prove cause and prejudice for failing to bring this claim to the state courts. In fact, the state courts gave Cleere the opportunity to bring any *Blakely* claims in a supplemental memorandum and he specifically stated *Blakely* had no impact on the first factor. Cleere also fails to show any fundamental miscarriage of justice if the Court does not rule on the merits of this claim.

While the Court recommends the District Judge find this claim procedurally defaulted, it will, in the alternative, consider the merits of this claim along with the three aggravating factors that were properly exhausted.

**C. THE MERITS OF CLEERE'S CLAIMS.**

Cleere alleges the trial judge improperly found four aggravating factors when sentencing him in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the United States Supreme Court held any fact, other than a prior conviction, which increases the penalty for a crime beyond the presumptive sentence, must be found by the jury under a proof beyond a reasonable doubt standard or admitted by the defendant. 542 U.S. at 303-304.

In Cleere's case, the trial judge used Cleere's infliction of serious physical injury on the victim as the first aggravating factor. Reviewing the state court record, in its second decision on Cleere's second post-conviction appeal, the Arizona Court of Appeals opined that even if Cleere had raised this issue and even if the trial judge had committed error, that error was harmless and Cleere suffered no prejudice. This Court finds the Court of Appeals decision is not contrary to or an unreasonable application of federal law nor is it based on an unreasonable determination of the facts.

The evidence supports a finding that no reasonable jury could determine that Petitioner's use of a box cutter to cut the victim's throat from ear to ear exposing her trachea was not infliction of serious physical injury to the victim. Furthermore, Cleere

admitted this fact.  At his original change of plea hearing, Cleere's attorney provided the factual basis for Cleere's plea, stating that "Cleere did use a sharp instrument to cut the throat of [the victim] intending that injury to be a mortal wound." (Doc. 15-2, p. 38).  The trial court then directly questioned Cleere, who affirmed that he had heard the factual basis, agreed with it, and acknowledged he had done "those things." (*Id.* at 39).  Cleere's *Blakely* claim on the first aggravating factor fails.

Because Cleere admitted the first aggravating factor, his claims that the trial judge improperly used the other three factors to aggravate his sentence also fail.  As the Arizona Court of Appeals correctly pointed out, once one aggravating factor has been proven beyond a reasonable doubt or admitted by the defendant, the trial judge is free to consider any sentence within the range allowed by those facts.  *U.S. v. Booker*, 543 U.S. 220, 233 (2005).  The Court in *Booker* stated, "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Id.*  The Court then elaborated,  "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.*

Here, Plaintiff's sentence was enhanced by his use of a dangerous instrument (a box cutter) during the commission of the crime, which gave him a presumptive sentence 10.5 years with a maximum aggravated sentence of 21 years.  His plea agreement limited that aggravated sentence to a maximum of 15 years.  Once Plaintiff admitted at his change of plea hearing that he had caused serious physical injury, the trial judge could properly consider a sentence up to the maximum of 15 years.  The trial judge's finding of three additional aggravating factors did not change the maximum aggravated sentence of 15 years that Cleere faced.  The state courts properly found no *Blakely* violation.  Cleere's claims on all four aggravating factors fail on the merits.

## III.  RECOMMENDATION

THEREFORE, IT IS THE REPORT AND RECOMMENDATION of this Court that District Judge Bury, after his independent review and consideration, DENY and dismiss

with prejudice Plaintiff's Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-07-237-TUC-DCB**.

DATED this 16th day of July, 2010.

**CHARLES R. PYLE**
**United States Magistrate Judge**